# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 866.974.7329

LUCY YEN
Internet: LYEN@wsgr.com
Direct dial: 212-497-7755

# MEMO ENDORSED

February 8, 2023

**VIA CM/ECF**

> Plaintiff and Defendant are directed to respond by February 14, 2023. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: February 9, 2023
> New York, New York

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Alto Dynamics, LLC v. Harry's, Inc.*, No. 1:22-cv-09866-ER

Dear Judge Ramos:

This letter seeks a pre-motion conference in the above-referenced case in advance of Greenhouse Software, Inc.'s ("Greenhouse") Motion to Intervene under Rule 24 of the Federal Rules of Civil Procedure. Wilson Sonsini Goodrich & Rosati, P.C. represents Greenhouse, which develops software for hiring and job applicant management.[1]

The Plaintiff in this patent infringement lawsuit, Alto Dynamics, LLC ("Alto Dynamics"), alleges Defendant Harry's, Inc.'s ("Harry's") website infringes five patents. Harry's accused website provides access to Greenhouse's software for certain recruiting functions, such as job postings. Alto Dynamics alleges the use of Greenhouse's recruiting software on Harry's website infringes one of the five asserted patents, U.S. Pat. No. 6,662,190 ("the '190 patent"). Pursuant to an agreement between Greenhouse and Harry's, Greenhouse has agreed to indemnify Harry's for Alto Dynamics' claims against Harry's website related to the '190 patent. Greenhouse thus seeks to intervene in this lawsuit because it has an interest in the outcome of this case and wishes to vigorously defend its technology from the asserted '190 patent. Greenhouse respectfully requests that the Court permit Greenhouse to file a motion to intervene in this case under Rule 24(a) or in the alternative, Rule 24(b).

## Background

On November 18, 2022, Alto Dynamics filed its Complaint against Harry's for five counts of patent infringement. ECF 1. Alto Dynamics' asserted patents generally relate to aspects of internet software, including a "System And Method For Monitoring Usage Patterns," "Systems

---

[1] *See generally* https://www.greenhouse.com/recruiting (last visited Feb. 7, 2023).

And Methods For State-Less Authentication" and "Learning Automatic Data Extraction System."[2] The complaint alleges that certain features of Harry's website infringe these patents. ECF 1, ¶ 14. The accused feature for one of the asserted patents, the '190 patent, is alleged résumé parsing software that Harry's uses to evaluate job applications. ECF 1 at ¶¶ 48-50. Greenhouse provides this accused software to Harry's.[3] Greenhouse agreed to indemnify Harry's under certain terms for alleged infringement of the '190 patent in this action.

### Legal Standards for the Underlying Motion

Rule 24(a)(2) permits intervention on timely motion for anyone who: "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The moving party must (1) file a timely application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992).

In the alternative, Rule 24(b)(1)(B) permits intervention on a timely motion for anyone who "has a claim or defense that shares with the main action a common question of law or fact." In the Second Circuit, permissive intervention is allowed when three criteria are met: (1) the motion is sufficiently timely; (2) there is a common question of law or fact between the intervener's claim or defense and the main action; and (3) intervention will not unduly delay or prejudice the adjudication of rights of the original parties. *Leslie v. Starbucks Corp.*, No. 22-CV-478 (JLS), 2022 U.S. Dist. LEXIS 184350, at *3-4 (W.D.N.Y. Oct. 7, 2022).

### The Court Should Allow Greenhouse to File a Motion to Intervene in This Case

Greenhouse should be allowed to seek intervention under Rule 24(a)(2). Greenhouse's motion would be timely because this action commenced in November 2022, and Harry's has not answered Alto Dynamics's complaint. *Bldg. & Realty Inst. v. N.Y.*, Nos. 19-cv-11285 (KMK), 20-cv-634 (KMK), 2020 U.S. Dist. LEXIS 174577 (S.D.N.Y. Sept. 23, 2020) (motion to intervene was timely when it was filed three months after start of litigation and before any significant substantive motions). Greenhouse has a compelling interest in this case as the provider of an accused feature and has agreed to indemnify Harry's. Intervention is routinely granted as of right in patent actions where, as here, an accused product uses technology provided by the intervening party. *See Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 US 53, 55 (1935) (manufacturer's intervention in patent infringement action against its customers was "necessary for the protection of its interest"). Further, Greenhouse's ability to protect its interest will be

---

[2] These are the titles of the asserted patents. *See* ECF 1, ¶ 1.

[3] *See* https://www.harrys.com/en/us/careers#roles linking to open roles hosted at "boards.greenhouse.io," such as https://boards.greenhouse.io/harrys/jobs/4743912 (last visited Feb. 7, 2023).

significantly impaired if it cannot intervene. Greenhouse has a strong interest in being heard on infringement and claim construction issues related to its own technology. *See Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, Nos. CA 04-1337-KAJ, CA 04-1338-KAJ, CA 04-1536-KAJ, 2005 U.S. Dist. LEXIS 22933, at *12-13 (D. Del. May 18, 2005) (manufacturer's interests "will be impaired or affected, as a practical matter, by the disposition of the action, unless it is involved in the case directly and able to make its positions [on infringement] known"). Finally, the named defendant Harry's, cannot adequately represent the interests of Greenhouse because Greenhouse, as the developer of the accused software, is more knowledgeable about and invested in its technology. *See Honeywell*, 2005 U.S. Dist. LEXIS 22933, at *4 (because a manufacturer "is uniquely situated to understand and defend its own product, its interests are not adequately represented by existing parties to the litigation"). As a developer, Greenhouse has a stronger interest in this case than a single customer, including because Harry's may not see the case to final judgment and decide to agree to a settlement. Greenhouse has more of an interest in having a final resolution as to its software and all customers using it, instead of just one. Intervention as of right should be granted to one who may potentially present a "more vigorous presentation" of its interests than the existing parties. *N.Y. Pub. Interest Rsch. Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975).

In the alternative, Greenhouse requests permissive intervention under Rule 24(b). As discussed previously, this motion would be timely because it is being filed before Harry's answer. Moreover, there are issues of law and fact relating to non-infringement that are common among Harry's, the indemnified defendant, and Greenhouse, the indemnitor. These common questions of law and fact include whether the portion of Harry's website incorporating Greenhouse's résumé technology infringes one of the asserted patents. *See Reid v. Gen. Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting manufacturer permissive intervention in patent infringement action due to common issues). Greenhouse's intervention would not in any way delay the adjudication of these claims. To the contrary, Greenhouse's intervention would simplify these proceedings by assuring that the party with superior and unique knowledge of the accused feature for the '190 patent can present its defense in this case.

In conclusion, as a developer of the accused technology accused for the '190 patent and having agreed to indemnify Defendant for that claim, Greenhouse respectfully requests that the Court permit Greenhouse to file its Rule 24 Motion to Intervene.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Lucy Yen*

Lucy Yen

cc: All Counsel of Record (via CM/ECF)