UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTO DYNAMICS, LLC,

                      Plaintiff,

–against–

HARRY'S, INC.,

                      Defendant,

              and

GREENHOUSE SOFTWARE, INC.,

                      Intervenor.

**ORDER**

22-cv-9866 (ER)

Ramos, D.J.:

      On November 18, 2022, Alto Dynamics filed a complaint against Harry's Inc. for five counts of patent infringement related to Harry's website. Doc. 1. Greenhouse Software, Inc. develops software for hiring and job applicant management. The accused feature for one of the asserted patents, the '190 patent, is a résumé parsing software provided by Greenhouse. Pursuant to an agreement between the two parties, Greenhouse has agreed to defend and partially indemnify Harry's as to the '190 patent.

      Thus, on February 8, 2023, Greenhouse sought leave to file a motion to intervene. Neither Alto Dynamics nor Harry's opposed Greenhouse's request to file a motion to intervene. Accordingly, the Court granted Greenhouse leave to file its motion to intervene on February 16, 2023. Greenhouse filed its unopposed motion on February 27, 2023. For the following reasons, the motion to intervene is GRANTED.

      Under Rule 24(a)(2), a party may intervene as of right when "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as

Case 1:22-cv-09866-ER   Document 44   Filed 04/06/23   Page 2 of 2

a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

An intervenor's interest must be "direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.*

Here, (1) the motion is timely, as Greenhouse is seeking to intervene at the initial stages of litigation; (2) Greenhouse's interest is "direct, substantial, and legally protectable" because it is its own technology that is being used in the accused products and it has agreed to partially indemnify Harry's; (3) Greenhouse, as the provider of the accused technology, has a strong interest in being heard on infringement; and (4) Greenhouse has a greater interest than Harry's does and greater knowledge of its own software.

Accordingly, Greenhouse's motion to intervene is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 30.

It is SO ORDERED.

Dated:   April 6, 2023
         New York, New York

_____
Edgardo Ramos, U.S.D.J.