# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTO DYNAMICS, LLC, <br><br> Plaintiff and Intervenor-Defendant, <br><br> v. <br><br> HARRY'S, INC., <br><br> Defendant, <br><br> and <br><br> GREENHOUSE SOFTWARE, INC., <br><br> Intervenor-Plaintiff. | Case No. 1:22-cv-9866-ER <br><br> **JURY TRIAL DEMANDED** |

## GREENHOUSE SOFTWARE, INC.'S COMPLAINT IN INTERVENTION

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor-Plaintiff Greenhouse Software, Inc. ("Greenhouse") hereby alleges for its Complaint in Intervention as follows:

1. Greenhouse seeks a declaratory judgement of non-infringement pursuant to the Declaratory Judgement Act, 28 U.S.C. §§ 2201(a) and 2202.

## PARTIES

2. Greenhouse is a Delaware corporation with its headquarters in New York, New York. Greenhouse designs, creates, and licenses talent recruiting and hiring software for use by businesses hiring new employees.

3. Upon information and belief, Plaintiff and Intervenor-Defendant, Alto Dynamics, LLC ("Alto Dynamics"), is a limited liability company with its principal place of business in Peachtree Corners Georgia.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b) and (c).

6. This Court has specific personal jurisdiction over Alto Dynamics by virtue of, *inter alia*, its filing of the Complaint in this action. In addition, Alto Dynamics has purposefully availed itself of this forum by sending multiple emails regarding the enforcement of the asserted patents to attorneys from Harry's located in New York. For example, upon information and belief Harry's Senior Counsel in New York, New York, received an email from an agent of Alto Dynamics regarding the asserted patents. The email was referred to Harry's outside counsel, also in New York, who was in communication with Alto Dynamics' agent regarding the potential licensing and enforcement of the asserted patents until this action was filed.

**BACKGROUND AND GREENHOUSE'S INTEREST IN THIS LAWSUIT**

7. On November 18, 2022 Alto Dynamics filed its Complaint in this action accusing Harry's, Inc. ("Harry's") a Greenhouse customer, of making, using providing, supplying, selling, offering for sale, or distributing instrumentalities that allegedly infringe United States Patent Nos. 7,392,160, 8,051,098, 6,662,190, 7,152,018, and 7,657,531 (respectively, "the '160 Patent," "the '098 Patent," "the '190 Patent," "the '018 Patent" and "the '531 Patent"; collectively, the "Asserted Patents").

8. Harry's maintains a website that incorporates Greenhouse's résumé parsing software.

9. Alto Dynamics' allegations under the '190 Patent are directed against Harry's website that incorporate Greenhouse's résumé parsing software.

10. Alto Dynamics' assertion that websites in which Greenhouse products provide résumé parsing functionality infringe the '190 patent is tantamount to accusing Greenhouse of infringement of that patent. In addition, Alto Dynamics' Complaint impliedly accuses a Greenhouse component of infringement of the '190 patent, stating "[Harry's] website... allows for the processing of résumés for job applications[.]" ECF 1 ¶ 14. Thus, Greenhouse has a direct and substantial interest in defending against and defeating Alto Dynamics' infringement claim for the '190 patent.

11. Greenhouse has agreed to requests from Harry's to defend and partially indemnify them in connection with Alto Dynamics' claims for the '190 patent directed at Greenhouse technology used on their website. As a result, Greenhouse has a substantial financial interest in the outcome of this litigation.

## COUNT 1

## DECLARATORY JUDGEMENT REGARDING U.S. PATENT NO. 6,662,190

12. Greenhouse incorporates by reference the allegations in paragraphs 1-11.

13. A valid and justiciable controversy has arisen and exists between Greenhouse and Alto Dynamics regarding the '190 Patent.

14. By making, using, selling, offering to sell, marketing, licensing, or importing its products, Greenhouse does not directly or indirectly infringe any claim of the '190 Patent.

15. Greenhouse's customers do not directly or indirectly infringe any claim of the '190 Patent by making, using, selling, offering to sell, or importing Greenhouse's résumé parsing software.

16.     A judicial declaration concerning these matters in necessary and appropriate at this time so that Greenhouse can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## PRAYER FOR RELIEF

Therefore, Greenhouse requests judgement as follows:

1.     For a declaration that neither Greenhouse nor any of its products infringe (directly, indirectly, literally and/or under the doctrine of equivalents) any valid claim of the '190 Patent;

2.     For a declaration that no valid claim of the '190 Patent is infringed (directly, indirectly, literally and/or under the doctrine of equivalents) by Harry's or any other Greenhouse customer, by virtue of incorporating any Greenhouse products into any such customer's products;

3.     For a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Greenhouse of its attorney's fees, costs, and expenses in connection with this action; and

4.     Such other and further equitable or legal relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Greenhouse hereby demands a jury trial as to all issues triable to a jury.

Dated: April 7, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　WILSON SONSINI GOODRICH & ROSATI
　　　　　　　　　　　　　　　　　　Professional Corporation

　　　　　　　　　　　　　　　　　　By: */s/ Jordan R. Jaffe*

　　　　　　　　　　　　　　　　　　Jordan R. Jaffe (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　One Market Plaza, Suite 3300
　　　　　　　　　　　　　　　　　　San Francisco, CA 94105
　　　　　　　　　　　　　　　　　　Telephone: (415) 947-2000
　　　　　　　　　　　　　　　　　　Email: jjaffe@wsgr.com

　　　　　　　　　　　　　　　　　　Lucy Yen (N.Y. Bar No. 4871653)
　　　　　　　　　　　　　　　　　　1301 Avenue of the Americas, 40th Floor
　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　Telephone: (212) 999-5800
　　　　　　　　　　　　　　　　　　Email: lyen@wsgr.com

　　　　　　　　　　　　　　　　　　Alexander R. Miller (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　650 Page Mill Road
　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　　　Telephone: (650) 849-3326
　　　　　　　　　　　　　　　　　　Email: alex.miller@wsgr.com

　　　　　　　　　　　　　　　　　　**Attorneys for Intervenor-Plaintiff**
　　　　　　　　　　　　　　　　　　**GREENHOUSE SOFTWARE, INC.**